**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2321-17T4

GUISEPPE MORDINI,

     Plaintiff-Appellant,

v.

HAWORTH ZONING BOARD
OF ADJUSTMENT,

     Defendant-Respondent.

_____

Argued January 7, 2019 – Decided January 28, 2019

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8748-15.

Justin D. Santagata argued the cause for appellant (Kaufman Semeraro & Leibman, LLP, attorneys; Justin D. Santagata, on the briefs).

Alexander T. West, Jr. argued the cause for respondent.

PER CURIAM

Plaintiff Guiseppe Mordini owns a single-family home in the Borough of Haworth. The house sits on a "through lot," defined by Haworth's zoning regulations as "a lot fronting on two (2) streets that do not intersect each other at the boundaries of the lot." Borough of Haworth, N.J. Ordinance § 26-301. The regulations further provide that "[a] through lot shall have two (2) side yards and two (2) front yards[,] but shall have no rear yard." Id. at § 26-502.8(g)(3).

Plaintiff's home faces Pine Street; the rear of the house faces Schraalenburgh Road. At the time plaintiff purchased the property, there was a four-foot high split rail fence along Schraalenburgh Road, which had been on the property since at least 1977. Plaintiff applied to the Building Department for a permit to construct a new six-foot high fence.

The construction official denied the permit, citing § 26-902.1(c)(1) of the zoning regulations, which provides: "No fence serving a residential use shall be permitted in front of any residence . . . ." Plaintiff filed an application with the Haworth Zoning Board of Adjustment (the Board) seeking an interpretation of the ordinance. See N.J.S.A. 40:55D-70(b). Alternatively, plaintiff sought a variance pursuant to N.J.S.A. 40:55D-70(c)(1) (permitting variance relief under some circumstances when strict application of the regulations "would result in

2

peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon" the developer of the property).

The Board conducted two hearings, at which plaintiff and his wife testified. During the hearings, plaintiff amended his application, proposing to construct instead a four-foot high split rail fence atop a two-foot landscaped berm along Schraalenburgh Road. By a vote of four to three, the Board denied plaintiff's application. The Board's memorializing resolution reflects its finding that the fence "would be in the property's front yard, that being the portion of the property that faces Schraalenburgh Road." The Board construed the ordinance to "prohibit[] a fence in the front of any residence[,]" and the "fence[] would be located in a front yard of the premises, as defined by the . . . [o]rdinance."[1]

Plaintiff filed a complaint in lieu of prerogative writs seeking reversal of the Board's interpretation of the ordinance. The Law Division judge reasoned "the Board's interpretation that the subject [p]roperty maintains two front yards . . . was appropriate and reasonable based upon the clear language of the [z]oning

_____

[1] The Board also denied the variance. In a comprehensive written decision, the Law Division judge determined the denial was not arbitrary, capricious or unreasonable, since plaintiff failed to carry his burden of proof. Plaintiff does not appeal the denial of the variance.

[o]rdinance."  He entered an order dismissing plaintiff's complaint, and this appeal followed.

Before us, plaintiff contends the Board's interpretation of the ordinance is "clearly wrong" and requires reversal.  We agree and reverse.

"[Z]oning boards, 'because of their peculiar knowledge of local conditions[,] must be allowed wide latitude in the exercise of delegated discretion.'"  Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (second alteration in original) (quoting Kramer v. Bd. of Adjustment, 45 N.J. 268, 296 (1965)). "Although a municipality's informal interpretation of an ordinance is entitled to deference, that deference is not limitless."  Bubis v. Kassin, 184 N.J. 612, 627 (2005) (citing Fallone Props., LLC v. Bethlehem Twp. Planning Bd., 369 N.J. Super. 552, 561 (App. Div. 2004)).  "[T]he meaning of an ordinance's language is a question of law that we review de novo."  Ibid.; see also Wyzykowski v. Rizas, 132 N.J. 509, 518 (1993).

"The established rules of statutory construction govern the interpretation of a municipal ordinance."  Twp. of Pennsauken v. Schad, 160 N.J. 156, 170 (1999) (citing AMN, Inc. of N.J. v. Twp. of S. Brunswick Rent Leveling Bd., 93 N.J. 518, 524-25 (1983)).  "[W]e focus on the plain language of the statute and use common sense 'to effectuate the legislative purpose[.]'"  Dunbar Homes,

Inc. v. Zoning Bd. of Adjustment of Twp. of Franklin, 448 N.J. Super. 583, 598 (App. Div. 2017) (quoting Morristown Assocs. v. Grant Oil Co., 220 N.J. 360, 380 (2015)).

"Zoning ordinances generally are 'liberally construed in favor of the municipality.'" Schad, 160 N.J. at 171 (quoting Place v. Bd. of Adjustment of Borough of Saddle River, 42 N.J. 324, 328 (1964)). "However, '[z]oning regulations are restrictive of property rights and ought not to be too broadly interpreted against the possessor thereof.'" Mountain Hill, LLC v. Zoning Bd. of Adjustment of Twp. of Middletown, 403 N.J. Super. 210, 236 (App. Div. 2008) (alteration in original) (quoting Skinner v. Zoning Bd. of Adjustment of Twp. of Cherry Hill, 80 N.J. Super. 380, 388 (App. Div. 1963)). "Thus, '[r]estrictions in zoning ordinances must be clearly expressed and doubts are resolved in favor of the property owner.'" Ibid. (alteration in original) (quoting Graves v. Bloomfield Planning Bd., 97 N.J. Super. 306, 312 (Law Div. 1967)).

Here, the Board applied the definition of a "through lot," as having two "front yards," Ordinance § 26-502.8(g)(3), to that section of the regulations that prohibited all fences "in front of any residence." Id. at § 26-902.1(c)(1). However, the regulations define a front yard as "the area lying between the front lot line and the setback line and extending from the side lot line to side lot line."

<u>Id.</u> at § 26-301.  In other words, a front yard was defined by lot lines, without reference to whether it was "in front" of the residence.

In addition, in the same comprehensive scheme of regulations that addressed fencing in the municipality, Haworth adopted a differently worded restriction in nonresidential districts.  Unlike § 26-902.1(c)(1), which prohibits any fences "in front of any residence," subsection (c)(3) provides:  "Fences in any nonresidential district shall not exceed six (6) feet in height and shall not be located <u>in a front yard</u>."  (Emphasis added).  A tenet of statutory construction is that "[d]ifferent words used in the same . . . statute are assigned different meanings whenever possible."  <u>In re Expungement Petition of J.S.</u>, 223 N.J. 54, 74 n.5 (2015) (quoting Norman J. Singer & J.D. Shambie Singer, <u>2A Sutherland on Statutory Construction</u>, § 46:6 at 261-63 (7th ed. 2007)).

The regulations do not define the "front" of a residence, or the meaning of "in front" of a residence.  Ordinance § 26-902.1(c)(1).  However, the definitional section of the regulations, § 26-301, states in relevant part: "Any word or term not defined herein shall be used with a meaning as defined in Webster's Third New International Dictionary of the English Language, unabridged, or latest edition thereof."  That dictionary defines "front" as "a face of a building[,] especially [] the face that contains the principal entrance . . . ."  It is undisputed

that plaintiff's "principal entrance" faces Pine Street, not Schraalenburgh Road. We must assume the governing body "was 'thoroughly conversant' and familiar with its own statutory definitions." Edgewater Inv. Assocs. v. Borough of Edgewater, 201 N.J. Super. 267, 285 (App. Div. 1985) (quoting Barringer v. Miele, 6 N.J. 139, 144 (1951)).

For these reasons, we conclude the Board's interpretation of Ordinance § 26-902.1(c)(1), was erroneous, based both upon the plain language of the ordinance and its context within the zoning regulations. We therefore reverse the Law Division's order as to count one of plaintiff's complaint and enter judgment in his favor.

We remand the matter to the Board only for the following reasons. Plaintiff's fence plan was amended during the hearings, and we have no idea whether the Building Department would have approved the amended plan under the regulations without the need to refer the permit application to the Board. Nor do we know whether plaintiff intends to construct a fence using the same plan and design.

In short, the plan as submitted and amended was denied for more than one reason. We trust the Board will only exercise its jurisdiction as appropriate and if necessary.

7

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2321-17T4